IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:15-CV-93-BO

| | |
|---|---|
| JULIETTE SUTTON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| | ) |
| CAROLYN COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 24, 27]. A hearing was held in Elizabeth City, North Carolina, on April 12, 2016. For the reasons detailed below, the judgment of the Commissioner is REVERSED.

BACKGROUND

Plaintiff filed an application for a period of disability and disability insurance benefits on October 21, 2011. [Tr. 34]. Plaintiff alleges an onset date of October 21, 2011. *Id.* Her claim was denied initially and upon reconsideration. *Id.* A hearing was held before an Administrative Law Judge (ALJ) on September 27, 2013, in New Bern, North Carolina. *Id.* The ALJ issued an unfavorable decision for plaintiff on December 9, 2013. [Tr. 34–46]. The Appeals Council denied plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner, on April 29, 2015. [Tr. 1]. Ms. Sutton then sought review in this Court. [DE 1].

On her alleged onset date, plaintiff was 52 years old. [Tr. 44]. Plaintiff has a high school education and past relevant work as a retail clerk. [Tr. 20]. Plaintiff has a history of degenerative disc disease of the lumbar spine, obesity, history of lumbar fusion surgery, depression, anxiety, arthritis in the knees, and a history of knee surgery. [Tr. 36]. Plaintiff had a left knee arthroscopy

in 2011 and an L3-L4 lateral anterior lumbar interbody fusion with posterior fusion and pedicle screw instrumentation in 2012. [Tr. 40–41].

DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the Court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

To find a claimant disabled, an ALJ must conclude that the claimant satisfies each of five steps. 20 C.F.R. § 404.1520(a)(4). First, a claimant must not be able to work in a substantial gainful activity. *Id.* Second, a claimant must have a severe physical or mental impairment or combination of impairments. *Id.* Third, a claimant's impairment(s) must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, a claimant must not have the residual functional capacity to meet the demands of claimant's past relevant work. *Id.* Finally, the claimant must not be able to do any other work, given the claimant's residual functional capacity, age, education, and work experience. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ found that plaintiff has not engaged in substantial gainful employment since October 11, 2011. [Tr. 36]. Next, the ALJ determined that plaintiff's history of

2

degenerative disc disease of the lumbar spine, obesity, lumbar fusion surgery, depression, anxiety, arthritis in the knees, and knee surgery were severe impairments. *Id.* However, none of plaintiff's impairments or combination of impairments met or equaled a listing. *Id.* At step four, the ALJ found that plaintiff was capable of performing light work with limitations. [Tr. 38]. The ALJ found that plaintiff could only occasionally climb stairs and ramps, bend/balance, stoop, crawl, kneel, or crouch, and never climb ropes, ladders or scaffolds. *Id.* Plaintiff was to avoid hazardous machinery/vibrations, only occasionally push/pull with her lower extremity, be given simple routine repetitive tasks, avoid concentrated heat/cold/moisture. *Id.* The ALJ found that plaintiff could adjust for comfort but that adjustments would not cause a loss of production and that plaintiff was capable of frequently but not constantly finger, grasp, or handle with the non-dominant hand. *Id.* Finally, though plaintiff was determined unable to perform any past relevant work, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that claimant can perform. [Tr. 45]. A vocational expert testified that these jobs would include employment as a non-postal mail clerk, general office helper, and router clerk. [Tr. 45]. Accordingly, the ALJ found that plaintiff was not disabled. [Tr. 45]. Plaintiff now seeks review of the ALJ's determination that she is not disabled.

At hearing, counsel for plaintiff argued the ALJ erred in finding that plaintiff was capable of performing a limited range of light work and failing to give controlling weight to Drs. Crisp, Grossi, Agsten, and Weber.

The Court will first address the issue of whether the ALJ's decision not to give controlling weight to Drs. Crisp, Grossi, Agsten, and Weber was in error. The Court finds that it was. The opinion of a treating physician must be given controlling weight if it is not inconsistent with substantial evidence in the record and may be disregarded only if there is persuasive

3

contradictory evidence. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987); *Mitchell v. Schweiker*, 699 F.2d 185 (4th Cir. 1983). Controlling weight is the term for weight given to a medical opinion from a treating source that must be adopted. SSR 96-2p. Factors to determining whether an opinion is entitled to controlling weight include the nature of the relationship, the length of the treatment relationship, supportability, consistency, and specialization. 20 C.F.R. § 404.1527. An ALJ must provide specific reasons for the weight given to a treating physician's opinion. SSR 96-2p.

Here, each of plaintiff's treating physicians for her medical conditions (as opposed to psychological conditions) concluded that plaintiff should not return to work. Dr. Laddie Crisp, who was plaintiff's treating physician since 2013, noted in February 2013 that plaintiff's back pain and stenosis would keep her out of work. [Tr. 604]. Dr. Grossi performed plaintiff's back surgery and then continued to see plaintiff and keep her out of work. [Tr. 612–15]. In October 2012, Dr. Grossi referred plaintiff to Dr. Weber, who also kept plaintiff out of work "until further notice." [Tr. 617]. When plaintiff returned to Lenoir Family Medicine in December 2012, Dr. Agsten noted that plaintiff could not perform her regular work duties from the date of the surgery until further notice. [Tr. 611]. In short, each of plaintiff's treating physicians concluded that she should not work.

Nevertheless, the ALJ afforded Dr. Crisp's conclusion little weight, claiming that Dr. Crisp's opinion is not supported by objective medical reasoning. [Tr. 44]. However, the treatment records from Dr. Crisp's practice support Dr. Crisp's conclusions. For example, at the same visit in which Dr. Crisp noted that plaintiff's condition would keep her out of work, plaintiff was assessed with lower back pain with spinal stenosis and chronic pain of the lower back and legs and was prescribed Percocet, among other drugs. [Tr. 603–04]. As to Grossi and

4

Weber's assessments, the ALJ asserts, rather conclusorily, that their respective instructions for plaintiff to stay out of work "were never intended as permanent opinions" and that they referred only to plaintiff's past relevant work. [Tr. 44]. Given the plain language of each instruction, as well as the fact that four of the work status slips allowed for the doctor to note if plaintiff could resume work with restrictions, the Court cannot agree. [Tr. 612–15]. The ALJ did not discuss the weight afforded to Dr. Agsten's conclusion. The Court recognizes that these disability findings are not necessarily binding on the ALJ but, given that they are all so similar in nature and are supported by the medical evidence, the Court finds that the ALJ improperly denied plaintiff's treating physicians the controlling weight they should have received.

The ALJ also erred in the assessment of plaintiff's residual functional capacity. An ALJ makes an RFC assessment based on all of the relevant medical and other evidence. 20 C.F.R. § 404.1545(a)(3). Plaintiff was found to be capable of light work with a number of restrictions. [Tr. 38]. Light work requires a claimant to be able to lift no more than twenty pounds at a time with frequent lifting or carrying of objects up to ten pounds. 20 C.F.R. § 404.1567(b). Light work also requires either a good deal of walking or standing, or sitting most of the time with some pushing and pulling of controls. *Id.*

The ALJ noted that "claimant's activities of daily living are inconsistent with her allegations of such significant functional limitations," noting that claimant reported "she had no problem with personal care, prepared simple meals, and performed some household chores such as laundry and ironing" as well as driving a car, shopping once a month, attending church, watching television, and spending time with her family. The Court begins by noting that it is unclear to the Court how watching television and spending time with family is indicative of being capable of more than sedentary work. As to the other activities of daily living, the Court

5

considered the same function report that the ALJ used and notes that several of the activities of daily living that the ALJ referred to were reported by plaintiff as more limited in scope than represented in the decision. For example, plaintiff stated she was able to prepare simple meals...but only "every now and then – depend[ing] on my pain." [Tr 228]. Plaintiff also stated that she shopped only once a month for about one hour. [Tr. 229]. Plaintiff also stated that she was not able to go to church regularly any more or, in fact, go "any places on a regular basis, unless it is to the doctor." [Tr. 230–31]. Plaintiff also reported that she could lift only two pounds, standing for long periods hurt her back, that she could only walk two blocks before needing a five to ten minute rest period, and that sitting for too long hurt her, among other limitations. [Tr. 231].

These limitations, which roughly align with sedentary work, were also found by plaintiff's treating physician, Dr. Crisp. Dr. Crisp found that plaintiff could lift less than ten pounds, stand/walk for less than two hours in an eight hour work day, sit less than six hours in an eight hour work day, and that pushing, pulling, climbing, kneeling, crawling, stooping, handling, and fingering were all limited to one extent or another. [Tr. 625–28].

All of this information regarding plaintiff's abilities combined with the aforementioned discussion that each doctor who opined on the issue kept plaintiff out of work, leads the Court to the conclusion that plaintiff was capable of only sedentary work and that the ALJ's finding that plaintiff was capable of light work was in error.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings [DE 24] is GRANTED, defendant's motion for judgment on the pleadings [DE 27] is DENIED. The decision of the Commissioner is REVERSED, and the matter is REMANDED to the Commissioner for an award of benefits.

SO ORDERED, this _12_ day of May, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE